[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15890
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cr-60201-RSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DAVID ESCUDERO BARRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2014)

Before TJOFLAT, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan David Escudero Barrera ("Barrera") appeals his 57-month sentence, imposed at the low end of the advisory guideline range, after pleading guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Barrera argues that the district court erroneously believed that it lacked authority to depart downward under the Sentencing Guidelines on the basis of cultural assimilation.  He contends that, had the court known of its authority, he would have received a shorter sentence.  Barrera also argues that his sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a), because the court placed undue weight on his criminal history and failed to consider mitigating factors.

I.    Failure to Depart Downward for Cultural Assimilation

We lack jurisdiction to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure.  *United States v. Winingear,* 422 F.3d 1241, 1245 (11th Cir. 2005).  However, we may review *de novo* a claim that the district court mistakenly believed that it lacked authority to grant such a departure.  *United States v. Mignott*, 184 F.3d 1288, 1289 (11th Cir. 1999).  When nothing in the record indicates otherwise, we assume that the district court understood that it had the authority to depart downward.  *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).

2

Contrary to Barrera's arguments, nothing in the record suggests that the district court mistakenly believed that it lacked authority to grant a downward departure. *See Dudley*, 463 F.3d at 1228; *Mignott*, 184 F.3d at 1289. The statement upon which Barrera relies—that missing family members did not constitute justification for returning to this country in violation of the law—means precisely that: Barrera's conduct is not rendered legal because of his family situation.

## II.    Substantive Reasonableness

We review the reasonableness of a final sentence imposed by a district court under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 447 (2007). We first ensure that the district court committed no significant procedural error, and then examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id*. at 51, 128 S.Ct. at 597. Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

3

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Moreover, a district court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). However, an acknowledgment by the

4

court that it considered the § 3553(a) factors is sufficient, and it need not discuss each factor expressly. *United States v. Garza-Mendez*, 735 F.3d 1284, 1290 (11th Cir. 2013).

Barrera's 57-month sentence is reasonable.  The sentence is supported by the record and meets the goals encompassed within 18 U.S.C. § 3553(a).  Although Barrera argues that the court placed undue emphasis on his criminal history without properly considering mitigating factors, the record shows that the court expressly acknowledged positive aspects of Barrera's recent life changes. Nonetheless, the court concluded that it could not overlook his extensive and violent criminal history.  In addition, the court stated that it had listened to the parties' arguments and considered the § 3553(a) factors in imposing the sentence. *See Garza-Mendez*, 735 F.3d at 1290.  Accordingly, Barrera fails to demonstrate that the sentence is unreasonable in light of the record and the § 3553(a) factors. *Tome*, 611 F.3d at 1378.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**

5